ERIC GRANT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $57,939.48 SEIZED FROM J.P. MORGAN CHASE BANK, N.A. ACCOUNT NUMBER 781275651, HELD IN THE NAME OF TP SYSTEMS, LLC,

APPROXIMATELY $20,664.26 SEIZED FROM J.P. MORGAN CHASE BANK, N.A. ACCOUNT NUMBER 000000230313733, HELD IN THE NAME OF FIONA WALSHE,

APPROXIMATELY $25,787.06 SEIZED FROM PNC BANK, NATIONAL ASSOCIATION ACCOUNT NUMBER 3915958077, HELD IN THE NAME OF STEPHEN CHRISTOPHER,

APPROXIMATELY $458,850.84 SEIZED FROM UBS AG ACCOUNT NUMBER GE 53231, HELD IN THE NAME OF CROWNSEVEN, INC.,

APPROXIMATELY $7,571.62 SEIZED FROM WELLS FARGO BANK, N.A. ACCOUNT NUMBER 1010118176129, HELD IN THE NAME OF SARAH NICK, AND

2:24-MC-00207-DJC-CKD

STIPULATION AND ORDER EXTENDING TIME FOR FILING A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE

APPROXIMATELY $12,290.84 SEIZED FROM WELLS FARGO BANK, N.A. ACCOUNT NUMBER 2904748601, HELD IN THE NAME OF SARAH NICK,

Defendants.

It is hereby stipulated by and between the United States of America and potential claimants Stephen Christopher and Jerry Bohn on behalf of Crownseven, Inc. ("claimants"), by and through their respective counsel, as follows:

1. On or about December 23 and 26, 2023, the U.S. Postal Inspection Service ("USPIS") seized the above-referenced defendant funds pursuant to Federal seizure warrants (hereafter collectively "defendant funds").

2. Under 18 U.S.C. §§ 983(a)(1)(A)(i)-(iv), and 983(a)(3)(A), the United States is required to send notice to potential claimants, file a complaint for forfeiture against the defendant funds, or obtain an indictment alleging that the defendant funds are subject to forfeiture within one hundred and fifty days of seizure, unless the court extends the deadline for good cause shown or by agreement of the parties. That deadline was May 21, 2024.

3. By *Amended* Stipulation and Order filed May 28, 2024, the parties stipulated to extend to August 19, 2024, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

4. By Stipulation and Order filed August 21, 2024, the parties stipulated to extend to November 15, 2024, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

5. By Stipulation and Order filed November 19, 2024, the parties stipulated to extend to February 13, 2025, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

6. By Stipulation and Order filed February 18, 2025, the parties stipulated to extend to May 14, 2025, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

7. By Stipulation and Order filed May 16, 2025, the parties stipulated to extend to August 12, 2025, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

8. By Stipulation and Order filed August 13, 2025, the parties stipulated to extend to November 10, 2025, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

9. By Stipulation and Order filed November 12, 2025, the parties stipulated to extend to February 10, 2026, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

10. By Stipulation and Order filed February 11, 2026, the parties stipulated to extend to May 11, 2026, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

11. By Stipulation and Order filed May 12, 2026, the parties stipulated to extend to August 10, 2026, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

12. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to further extend to November 9, 2026, the time in which the United States is required to file a civil complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture.

///

///

///

///

13. Accordingly, the parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the defendant funds and/or to obtain an indictment alleging that the defendant funds are subject to forfeiture shall be extended to November 9, 2026.

Dated: 8/7/2026

ERIC GRANT
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 8/5/2026

/s/ Mia Crager
MIA CRAGER
Attorney for potential claimant Stephen Christopher
(Signature authorized by email)

Dated: 8/6/2026

/s/ Timothy E. Warriner
TIMOTHY E. WARRINER
Attorney for potential claimant Jerry Bohn and Crownseven, Inc.
(Signature authorized by email)

**IT IS SO ORDERED**.

Dated: August 11, 2026

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE